# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTUAN BURRESS-EL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CINCINNATI, OH, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:23-cv-02966 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application, and for the reasons explained below, this matter will be dismissed without prejudice.

Plaintiff, a resident of Cincinnati, Ohio, sues the City of Cincinnati, two prosecutors associated with local prosecutors' offices in Cincinnati and Hamilton County, Ohio, and a Hamilton County judge. The complaint is not a model in clarity but, at root, plaintiff takes issue with various actions taken by Hamilton County Job & Family Services ("HCJFS") and he challenges the outcome of various state court proceedings involving HCJFS, mostly arising from plaintiff's alleged traffic citations and child support arrears. Plaintiff believes that these state actors have conspired against him, and he asks that this court order the correction of his state administrative and court records "and reverse all unconstitutional debts charged to [him]." He also demands that this court "honor" an injunction relevant to the Ohio proceedings. Finally, he demands $2,500,000 in damages. Plaintiff's suit faces several insurmountable hurdles..

First, federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts, which is precisely what plaintiff asks this court to do. *See Richardson v.*

*District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).  Indeed, the domestic relations exception specifically deprives a federal district court of the power to issue such decrees, *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to determine child support obligations, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982).

Second, the alleged actions of the defendant prosecutors are protected by immunity, *see Imbler v. Pachtman*, 424 U.S. 409, 424 (1976); *see also Moore v. Motz*, 437 F. Supp. 2d 88 (D.D.C. 2006), as are the alleged actions of the defendant judge, *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam); *see also Mireles v. Waco*, 502 U.S. 9, 9–10 (1991).  And the Eleventh Amendment generally immunizes state bodies, like the City of Cincinnati, from suit in federal court, unless immunity is waived.  *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327–28 (D.D.C. 1986) (citing cases).  A waiver is found "only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.'" *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted).  Plaintiff has neither pleaded nor established that Cincinnati, or for that matter, any of the defendants, have expressly consented to be sued for damages.

Although plaintiff broadly cites to 42 U.S.C. § 1983, pursuant to which a private cause of action may exist against an individual or a municipality that, under color of state law, deprives an individual of a federal constitutional or statutory right, *see Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691-94 (1978); *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004), notably, § 1983 "is not itself a source of substantive rights; rather, it is a method

of vindicating federal rights conferred elsewhere." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 192 (D.D.C. 2015) (citing *Albright v. Oliver*, 510 U.S. 266, 269–70 (1994) and *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  But Plaintiff's allegations fall well short of the bar to establish a *Monell* claim because his intended claims, among other deficiencies, fail to implicate any constitutional or federal statutory right.  Plaintiff vaguely references alleged constitutional violations but does not specify which, if any, of his constitutional rights were violated, nor does he provide any additional context to make out a cognizable claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("bare assertions" of a constitutional violation are "not entitled to be assumed true").  Put differently, "[e]vents may not have unfolded as [p]laintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation.  *Melton*, 85 F. Supp. 3d at 193. And a federal question must "affirmatively appear clearly and distinctly[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

Finally, venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue).  Here, all of the parties are located in Ohio, and all of the alleged wrongdoing giving rise to this case occurred there, as well.  Put differently, there is no connection between this matter and the District of Columbia.

For all these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: January 29, 2024                    /s/ CHRISTOPHER R. COOPER
                                          United States District Judge